**MANUFACTURERS AND TRADERS TRUST COMPANY, Plaintiff-Appellee,**

v.

**Craig R. BROWN and Martha A. Brown, Ronald C. Brown and Martha J. Brown, Clarence M. Brown and Loraine M. Brown, d/b/a C.R.C. Brown Albert Foley, Trustee, Defendants,**

**Paul P. Schreiber, Defendant-Appellant.**

**No. CIV-82-1135E.**

United States District Court, W.D. New York.

July 20, 1987.

Peter A. Muth, Buffalo, N.Y., for plaintiff-appellee.

Richard S. Levin, Rochester, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this appeal from the decision of the Bankruptcy Court in which the proceeds of the sale of the debtors' after-acquired livestock were deemed to belong to appellee Manufacturers and Traders Trust Company ("M & T"), the sole question presented for review is whether M & T's security interest in said livestock remained perfected so as to take precedence over appellant's interest.[1]

The undisputed facts may be found in the stipulation which has been made part of the record on appeal, and will not be repeated here in any detail. Suffice it to say that both M & T, as the lender of considerable funds to the debtors to finance their ultimately unsuccessful dairy business, and the appellant, as the seller of the after-acquired livestock, had an interest in the proceeds realized from their sale. Had the appellant perfected his own interest within ten days of the debtors taking possession of the livestock he, as purchase money mortgagee, would clearly have held the superior right.[2] Because he did not do so, the appellant's only recourse is to attack the validity of his opponent's statement. He does this by contending that M & T's second statement is so seriously misleading as to cause its security interest to lose priority.

In 1975 M & T's initial financing statement was filed which described the collateral as follows:

All machinery, equipment and livestock

All crops

1973 Bendex Mobile Home

Following a change in section 9–402 in 1978 that allowed a security interest to attach to after-acquired crops, M & T filed a second financing statement to reflect the expanded scope of the collateral:

All machinery, equipment and livestock and

All crops now owned or hereafter acquired.

Appellant however contends that the "only possible explanation" for the change is that the second statement was intended to amend the first, and that by describing only the crops as "hereafter acquired," one could be misled into believing that any later acquired machinery, equipment and livestock were not meant to be secured.

If the appellant were constrained to depend only upon the financing statements for a full description of the properties serving as collateral, his argument might be more persuasive. The purpose of these statements however is merely to serve as "starting point[s]" for further investigation. *Beneficial Fin. Co. v. Kurland Cadillac-Olds., Inc.*, 32 A.D.2d 643, 300 N.Y. S.2d 884, 887 (2d Dep't 1969). The Official Comment to section 9–402 declares:

"This Section adopts the system of 'notice filing' * * *. What is required to be filed is not * * * the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter."

"A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral or its proceeds if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within ten days thereafter."

---

1. It is conceded that the first of the financing statements filed by M & T did serve to perfect its interest in the after-acquired livestock sold to the debtors by the appellant. Appellant's Brief at 5. The crux of the case concerns the effect, if any, that the second financing statement may have had on that interest.

2. Section 9–312 of the Uniform Commercial Code states:

Livestock was indicated on each of M & T's statements, thus alerting anyone who searched the public record that a transaction, secured by collateral which might well include after-acquired livestock, had been entered into between the debtors and M & T. Any reasonable person contemplating a transaction with the debtors would be on notice that further inquiry was indicated. Because the wording of the financing statements was sufficient to satisfy the notice requirement of the Uniform Commercial Code, it is hereby ORDERED that the decision of the Bankruptcy Court is affirmed.